FILED by \_\_\_AT\_\_\_ D.C.

Feb 8, 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **18-60028-CR-BLOOM/VALLE**

18 U.S.C. § 1343
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

CHANTELLE NOEL HABERSHAM,

Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Power Communications Network Inc. was a Florida corporation with its principal place of business located at 50 NE 26th Avenue, Suite 206 in Pompano Beach, Florida, and was doing business in Florida as a dealer of wireless communication devices.

2. Sprint Communications Inc. ("Sprint") was a Kansas corporation with offices located throughout the United States, including in the State of Florida, and was doing business in Florida as a wireless service provider.

3. The Center for Independent Living of South Florida Inc. was a Florida corporation with its principal place of business located at 4770 Biscayne Boulevard in Miami, Florida, and was doing business in Florida as a provider of services to the disability community of Miami-Dade County. The Center For Independent Living of South Florida, Inc. was a client of Power

Communications Network Inc.

4. Charmer Sunbelt Group was a Florida corporation with its principal place of business located at 60 East 42nd Street, Suite 1915, in New York, New York, and was doing business in Florida as an alcoholic beverage distributor. Charmer Sunbelt Group was a client of Power Communications Network Inc.

5. Defendant **CHANTELLE NOEL HABERSHAM**, a resident of Broward County, was employed by Power Communications Network.

## COUNTS 1 and 2
## WIRE FRAUD
## (18 U.S.C. § 1343)

1. Paragraphs 1 through 5 of the General Allegations section of this Information are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around May 2016, through in or around March 2017, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**CHANTELLE NOEL HABERSHAM,**

did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

2

## PURPOSE OF THE SCHEME AND ARTIFICE

3. The purpose of the scheme and artifice was for **CHANTELLE NOEL HABERSHAM** to unjustly enrich herself by, among other things, (1) placing false and fraudulent purchase orders, through Sprint's online ordering system, for iPhones on behalf of the Center For Independent Living of South Florida, Inc. and the Charmer Sunbelt Group; (2) misappropriating money from Power Communications Network in order to provide partial payment for the iPhones; (3) shipping the iPhones to her personal residence; and (4) reselling the iPhones at a profit.

## THE SCHEME AND ARTIFICE

4. **CHANTELLE NOEL HABERSHAM** placed false and fraudulent purchase orders, through Sprint's online ordering system, purportedly for iPhones on behalf of the Center For Independent Living of South Florida, Inc. and the Charmer Sunbelt Group.

5. **CHANTELLE NOEL HABERSHAM** directed Sprint to send these false and fraudulent purchases to her personal residence.

6. **CHANTELLE NOEL HABERSHAM** caused the bank accounts of Power Communications Network to issue cashier's checks to pay for the false and fraudulent orders.

7. **CHANTELLE NOEL HABERSHAM** sent false and fraudulent emails to Sprint regarding the status of payments for these unauthorized purchases in order to keep the accounts active.

8. **CHANTELLE NOEL HABERSHAM** resold the misappropriated iPhones at a profit.

## USE OF WIRES

9. On or about the dates specified as to each count below, in Miami-Dade and Broward

Counties, in the Southern District of Florida, and elsewhere, **CHANTELLE NOEL HABERSHAM**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promisers were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| Count | Date | Description of Wire |
|---|---|---|
| 1 | 5/5/2016 | Internet purchase order for 13 iPhones from **CHANTELLE NOEL HABERSHAM** in Florida to Sprint in Kansas, purportedly on behalf of the Center For Independent Living of South Florida, Inc. |
| 2 | 3/8/2017 | Internet purchase order for 15 iPhones from **CHANTELLE NOEL HABERSHAM** in Florida to Sprint in Kansas, purportedly on behalf of the Charmer Sunbelt Group. |

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE
### (18 U.S.C. § 982(a)(1))

1. The allegations of this Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **CHANTELLE NOEL HABERSHAM**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property real or personal which constitutes or is

derived from proceeds traceable to such violation. any property, real or personal, involved in such offense or any property traceable to such property.

All pursuant to Title 18, United States Code, Section 982(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c) and the procedures set forth in Title 21, United States Code, Section 853.

*[signature]*
BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY


*[signature]*
JOSHUA S. ROTHSTEIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

v.

CHANTELLE NOEL HABERSHAM,

**CERTIFICATE OF TRIAL ATTORNEY***

Defendant.                    /

**Superseding Case Information:**

**Court Division**: (Select One)

☐ Miami          ☐ Key West
☑ FTL            ☐ WPB       ☐ FTP

New Defendant(s)              Yes ☐     No ☐
Number of New Defendants ____
Total number of counts    ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    No
   List language and/or dialect   ____

4. This case will take    0    days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   I    0 to 5 days       ☑       Petty     ☐
   II   6 to 10 days      ☐       Minor     ☐
   III  11 to 20 days     ☐       Misdem.   ☐
   IV   21 to 60 days     ☐       Felony    ☑
   V    61 days and over

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: ____                    Case No. ____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)   No
   If yes:
   Magistrate Case No.              ____
   Related Miscellaneous numbers:   ____
   Defendant(s) in federal custody as of ____
   Defendant(s) in state custody as of  ____
   Rule 20 from the District of
   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   Yes ☐    No ☑

_____
JOSHUA S. ROTHSTEIN
ASSISTANT UNITED STATES
Court I.D. No. A5502111

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** <u>CHANTELLE NOEL HABERSHAM</u>

**Case No:** _____

Counts #: 1 & 2

Wire Fraud

Title 18, United States Code, Section 1343

**\* Max. Penalty:** 20 Years' Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: CHANTELLE NOEL HABERSHAM

$50,000 10% Bond w/ Nebbia
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Joshua S. Rothstein

Last Known Address: 4603 Danson Way

Delray Beach, Florida

What Facility: _____

Agent(s): Kimberly Mead (TFO-USSS)
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
300 West Atlantic Avenue, Delray Beach, Florida 33444
Phone: (561)-243-7829

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| CHANTELLE NOEL HABERSHAM | ) | 18-60028-CR-BLOOM/VALLE |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

David Howard
*Printed name of defendant's attorney*

_____
*Judge's signature*

ANDREA M. SIMONTON, U.S. MAGISTRATE JUDGE
*Judge's printed name and title*